The PRESIDENT
delivered the opinion of the Court.
There are two points to be considered in this case. 1st, whether an office-judgment can .be set aside, in order to let in the plea of tender: & 2dly, Whether it ought to have been set aside upon this particular plea in the form in which it was offered to the court?
The first point depends upon the correct exposition of the 28th section of the District Court law, which declares, that every judgment entered in the office against a defendant and bail, or against a defendant and sheriff, shall be set aside, if the defendant at the succeeding court shall be allowed to appear with-, out bail, put in good bail, being ruled so to do, or surrender himself in custody, and shall plead to issue immediately.” These words, plead to issue immediately, are the same as were used in the old act of 1753, for establishing the General Court; under which, the practice of that court was very liberal, in allowing a defendant to plead that, which did not make an issue but required subsequent pleadings, provided the real justice of the case, and not an intended delay, was thereby promoted. This is unavoidable in cases of bonds with collateral condition, where the defendant cannot plead to issue. This is also agreeable to the principle, laid down by lord Holt in 2 Salk. *622. “That tho’ a judgment be ever so regularly entered, it shall be set aside at any time on payment of costs, so as the plaintiff does not lose a trial.” The words of the new law, constituting the General Court, are the same as those used in the old law. What has been the practice under this law, I do not know.
. A .difficulty arises with respect to the plea of tender, not only from its not making an issue, but as that necessary part of it, of having been always ready, is said to be inconsistent with his taking an imparlance, [ and in this case with his failing to appear and plead.
I confess that I cannot discover any sound reason for this doctrine. An imparlance is intended to gain information of the real subject of the suit, which when the defendant finds to be for a debt which he had tendered, he may know he has always been ready to pay it. Nor do I see clearly what is meant by the plaintiff’s granting an imparlance, which, the books say, shall preclude him from the objection.
However that may be, a judgment by default, since it may be entered for want of special bail under the act of Assembly, which the defendant may not have it in his power to give, does not imply a tardiness, as an imparlance does ; nor make the reasoning, (such as it is) which rules in that case, apply in this.
I find in a book entitled “ Practice in common pleas in the time of king William, ” page 134, this case. After a rule for time to plead an issuable plea, a plea of tender and refusal was offered, but the plaintiff signed judgment, which was held good, such a plea not being considered as an issuable plea. This is a strong and pointed case — but in Stra. 836 and 1 Ld. Ray. 254, a plea of tender and refusal is considered to be an issuable plea.
Considering the circumstances of this country, and the dispersed situation of the attornies and their clients, who can seldom communicate with each other but at court, justice seems to require a relaxation in these rules of practice. It would seem to me proper to allow a direction in the judges to admit any plea which appears necessary for the defendants defence, and only to resort to the rigour of the rule where delay appears to be intended.
However, it is unnecessary to decide this point in the cause, since the court is of opinion that upon the second point, the plea was properly disallowed.
The plea is bad in form for the following reasons. 1st, That the day of the tender is left blank — 2d, Instead of computing *the interest to that day, adding it to the principal, and saying, that he offered a sum certain — He pleads that he offered the principal .£53, and all interest due thereon.
3dly, The plea is, always ready from the time of the tender, which was 12 years after the day when the money was payable, instead of pleading it from the time when payment should have been made. 1 Ld. Ray. 254. But the plaintiff might have demurred, for these causes, and of course the want of form in the plea did afford a sufficient cause for rejecting it.
But the ground upon which the plea was refused, we consider to be a proper one — it was, that the paper brought into court, was not money then.
A plea of tender offered at any time at rules or in court, ought not to be received, unless the money tendered accompanies it; if it do not, the plaintiff may sign judgment: 2 Barn. 296, it must be money current ,at that time, otherwise it is not money at all. *371 There was no paper current as money in April 1796, when this plea was offered.
This is a case, where a sort of money was declared by law to be a leg'al tender and which during' the period of its legal existence was tendered, but its currency ceased before the plea pleaded. In this respect, the case struck me, upon the former argument, to be uncommon in its nature, and worthy of mature consideration ; since upon legal principles, such tender ought to be supported, whether the law accorded with justice and policy, or not. It occurred to me at that time, that the plea ought to state the sort of money tendered, that the defendant was always ready to pay that very money, which he brings into court. Then upon a demurrer, which would admit the fact, it might be decided upon the law at the time of the tender, independent of the subsequent alteration in its nature and currency. Since the former argument, I have looked into the cases upon this subject, and found a quotation — in Viners a bridgment, xx. 177, from Davis’s Rep. 28, and Dy. 822, which seems apposite to that opinion.
In debt on a bond for £ 24 payable at two installments — Defendant pleads, that on the day when the first installment became due, a certain money called Pollards was current in lieu of sterling, and that on that day he tendered a moiety of the debt in the said money called Pollards which the plaintiff refused to accept, and that he is uncore prist &c. and brings it into Court; and because the plaintiff did not deny it, it was awarded that he recover one moiety in Pollards, and the other in pure sterling. So in the case of a fall in the value *of shillings, a tender of them was specially pleaded, and the shillings were brought into Court, and the plaintiff obliged to accept them, at the value when tendered, without damages or costs. Davis 27.
Wades case 5 Reps. 114, does not apply, because the Spanish money was current by proclamation, and besides, when the tender was objected to, English money was procured and tendered.
The present plea makes no particular case, it alledges a tender of money generally, and that the defendant was always ready to pay the said sum of money, (not the said kind of money,) and brings it into Court. It was the efore incumbent upon the defendant to bring into Court that which was money at that time, which the paper bills were not.
The judgment therefore must be affirmed ; it is entered wrong in stopping interest at the end of 20 years : but this is not material, since if it had been rightly entered, the defendant might pay the penalty and costs.